IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHARLIE B. BUSH, JR., ) | CASE NO. 4:09CV3138 |
| ) | |
| Plaintiff, ) | |
| ) | MEMORANDUM |
| v. ) | AND ORDER |
| ) | |
| DONALD BRANDT, and LANCASTER ) | |
| COUNTY JAIL, ) | |
| ) | |
| Defendants. ) | |

Plaintiff filed his Complaint in this matter on July 6, 2009. (Filing No. 1.) Also pending is before the court is Plaintiff's Motion for Enlargement of Time to Pay Filing Fee. (Filing No. 8.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 7.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

I. INITIAL REVIEW OF COMPLAINT

    A.    Summary of Complaint

Plaintiff filed his Complaint on July 6, 2009, against officer Donald Brandt and the Lancaster County Jail. (Filing No. 1 at CM/ECF p. 1.) Plaintiff is currently confined in the Lancaster County Jail in Lincoln, Nebraska. (*Id*. at CM/ECF p. 2.)

Condensed and summarized, Plaintiff alleges that Defendant Brant "harassed" him, "discriminated" against him, took his "good time" without authority and treated him unfairly at a disciplinary hearing. (*Id*. at CM/ECF p. 5.) The disciplinary hearing was held because Plaintiff refused to go to his "dorm room" after he was instructed to do so. (*Id*. at CM/ECF pp. 3-4.) Plaintiff alleges that he refused to go to his "dorm room" because he was afraid that "some Mexican was [a]bout to jump [him]." (*Id*. at CM/ECF p. 1.) Plaintiff does not request any relief.

B.   Applicable Legal Standards on Initial Review

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *See generally, Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1964-65 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.,* 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

C.   Discussion of Claims

The court liberally construes Plaintiff's Complaint to allege that Defendants took his "good time" in violation of the Due Process Clause. The Eighth Circuit has held that the removal of a prisoner's good time credits in a disciplinary hearing implicates a liberty

2

interest protected by the Due Process Clause. *Espinoza v. Peterson*, 283 F.3d 949, 951 (8th Cir. 2002) (citing *Wolff v. McDonnell*, 418 U.S. 539, 555-58 (1974)). However, a state prisoner who seeks restoration of good time should do so through a writ of habeas corpus, which requires exhaustion of state remedies. *Offet v. Solem*, 823 F.2d 1256, 1258 (8th Cir. 1987).

Here, it is unclear whether Plaintiff seeks restoration of good time because he makes no request for relief. Moreover, Plaintiff failed to allege that he has exhausted his state remedies. (*See* Filing No. 1.) To the extent that Plaintiff seeks restoration of good time, he should do so in a habeas corpus or similar proceeding.[1] Accordingly, the court will dismiss Plaintiff's Complaint without prejudice to reassertion in a habeas corpus or similar proceeding.[2]

II. PLAINTIFF'S PENDING MOTION

Plaintiff has also filed a Motion for Enlargement of Time to Pay Filing Fee. (Filing No. 8.) In his Motion, Plaintiff states that he needs more time to pay the filing fees assessed in the court's July 24, 2009 Order. (*Id*.) However, Plaintiff has already paid the initial partial filing fee in this matter. (*See* Docket Sheet.) To the extent that Plaintiff is

---

[1]To the extent the Plaintiff seeks relief other than the restoration of good time, his Complaint fails to allege sufficient facts to state a claim upon which relief may be granted. *See Martin*, 780 F.2d at 1337 (holding a plaintiff's complaint must allege specific facts sufficient to state a claim).

[2]When confronted with a section 1983 action that challenges the length of a prisoner's confinement, a district court should either stay or dismiss the action if the plaintiff has not exhausted state remedies. *C.f. Offet*, 823 F.2d at 1258 n.2 (suggesting district court should stay 1983 action challenging a prisoner's length of confinement) and *Lindsey v. Wells*, 901 F.2d 96, 97 (8th Cir. 1990) (dismissing 1983 action challenging plaintiff's length of confinement without prejudice)). Because here it is unclear what relief, if any, that Plaintiff seeks, the court elects to dismiss Plaintiff's Complaint without prejudice.

unable to make his next filing fee installment his Motion Enlargement of Time to Pay Filing Fee (Filing No. 8) is granted . However, the court reminds Plaintiff that he remains responsible for the full $350.00 filing fee. Any future installments shall be collected and remitted, as funds exist, in the manner set forth in 28 U.S.C. § 1915(b)(2).

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for Enlargement of Time to Pay Filing Fee (Filing No. 8) is granted;

2. Plaintiff's future filing fee installments in this matter shall be collected and remitted, as funds exist, in the manner set forth in 28 U.S.C. § 1915(b)(2). Until the full filing fee of $350.00 is paid, Plaintiff shall be obligated to pay, and the agency having custody of Plaintiff shall forward to the Clerk of the court, 20 percent of the preceding month's income in such months as the account exceeds $10.00;

3. The Clerk of the court shall serve a copy of this order on the appropriate financial officer for Plaintiff's current institution;

4. Plaintiff's Complaint (Filing No. 1) is dismissed without prejudice to reassertion in accordance with this Memorandum and Order; and

5. A separate judgment will be entered in accordance with this Memorandum and Order.

Dated this 2nd day of September, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.